JOHN E. BLANCHARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blanchard v. Commissioner
Docket No. 19762-83
United States Tax Court
T.C. Memo 1991-1; 1991 Tax Ct. Memo LEXIS 1; 61 T.C.M. (CCH) 1621; T.C.M. (RIA) 91001; January 7, 1991, Filed *1 An appropriate order will be issued and decision will be entered under Rule 155. Joyce L. Sugawara, for the respondent. DAWSON, Judge; DINAN, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Dinan pursuant to section 7443A(b) and Rules 180, 181, and 183. [1] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment under Rule 121. Respondent determined a deficiency in petitioner's Federal income tax for the year 1979 in the amount of $ 202,417, and additions to tax under section 6651(a)(1) in the amount of $ 9,892 and under section 6653(a) in the amount of $ 10,144. Respondent contends in his motion for summary judgment *2 that all of the facts necessary for a decision in this case have been established by reason of (1) a Stipulation of Settled Issue filed by the parties on October 23, 1989, and (2) petitioner's failure to respond to respondent's request for admissions, and that he is entitled to a decision under Rule 121 as a matter of law. See Rule 90(c). Petitioner resided in Salt Lake City, Utah, at the time he filed his petition in this case. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials presented and the inferences to be drawn from such materials must be viewed in the light most favorable to the party against whom summary judgment is sought. ; ; . Respondent, as the moving party, has the burden of proving that no genuine issue exists as to any material fact, and that he is entitled to a judgment as a matter of law. ; . On August 15, 1990, respondent served petitioner with a request for admissions which was filed with the Court on August 21, 1990. Petitioner neither filed a motion to extend the time for responding to the request for admissions nor responded to the request for admissions within the 30 day period allowed by Rule 90(c). Because petitioner failed to respond to respondent's request for admissions, the facts set forth therein are deemed admitted and conclusively established. , affd. ; ; Rule 90(c) and (f). Petitioner is deemed to have admitted, in pertinent part, the following items: 4. A * * * stipulation of settled issues of the parties to this case resolving the issues of income, gains, losses and deductions from the Comark partnership for 1979 is attached * * * as Exhibit C. The stipulation of settled issues was filed with the Court on February (sic) 23, 1989. [2] *4 5. Petitioner claimed a deduction on his 1979 federal income tax return for losses from the partnership, Federal Investments, in the amount of $ 49,946.00. 6. Petitioner has no documents or other evidence to substantiate that any loss was sustained by Federal Investments. 7. Petitioner is not entitled to a deduction for 1979 for losses from Federal Investments. 8. Petitioner has not established that he is entitled to a deduction for 1979 for any losses sustained by Federal Investment. 9. Petitioner claimed a deduction on his 1979 federal income tax return for losses from the partnership, Mtn. Sec. Ltd., in the amount of $ 11,071.00. 10. Petitioner has no documents or other evidence to substantiate that any loss was sustained by Mtn. Sec. Ltd. 11. Petitioner is not entitled to a deduction for 1979 for losses from Mtn. Sec. Ltd. 12. Petitioner has not established that he is entitled to a deduction for 1979 for any losses sustained by Mtn. Sec. Ltd. 13. Petitioner claimed an investment credit on his 1979 federal return in the amount of $ 6,730.00. 14. Petitioner has no documents or other evidence to substantiate the claimed investment credit. 15. Petitioner *5 is not entitled to an investment credit for 1979 in excess of $ 21. 16. Petitioner has not established that he is entitled to any in (sic) investment credit for 1979. 17. Petitioner is liable for the addition to tax provided by * * * [section] 6653(a) for 1979. 18. Petitioner filed his 1979 federal income tax return on July 12, 1980. 19. Petitioner did not apply for, and was not granted, an extension of time to file his 1979 federal income tax return. 20. Petitioner is liable for the addition to tax provided by * * * [section] 6651(a) for 1979.
Based on the foregoing deemed admissions and the Stipulation of Settled Issue filed by the parties, we find that respondent has satisfied his burden of proving that there is no genuine issue of material fact and that a decision may be entered as a matter of law. Therefore, we grant respondent's motion for summary judgment. [3]
*6 To reflect the stipulations of the parties and the foregoing, An appropriate order will be issued and decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The stipulation of settled issues was filed with the Court on October 23, 1989. It provides, in pertinent part, the following: 1. In lieu of petitioner's claimed/reported ordinary loss of $ 80,000, * * * petitioner's ordinary loss and capital gain/loss shall be zero for the tax year 1979. * * * 3. There are no additions to tax due from petitioner * * * under the provisions of, but not limited to, * * * [section] 6653, * * * to the extent that any such addition otherwise might be attributable to COMARK transactions.↩
3. As previously noted, the parties resolved, in the settlement of issues, the treatment of petitioner's Comark loss, income, and capital gain/loss. Respondent also conceded the additions to tax attributable to the Comark transaction.↩